IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                        No. CR 10-1194 JB

ELISEO SANTIAGO-CALDERON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed July 21, 2010 (Doc. 16). The Court held a sentencing hearing on August 12, 2010. The primary issues are: (I) whether the Court should sustain Defendant Eliseo Santiago-Calderon's objection to the 1 criminal-history point assessed against him for the conviction in paragraph 22 of the Presentence Investigation Report ("PSR"), because, according to Santiago-Calderon, the conviction was uncounseled and he did not knowingly and voluntarily waive his constitutional right to counsel; (ii) whether the Court should sustain Santiago-Calderon's objection to the 1 point assessed against him in paragraph 28 of the PSR because the United States Sentencing Commission recently recommended to Congress that the provision of the United States Sentencing Guidelines providing for recency points should be deleted; and (iii) whether the Court should sustain Santiago-Calderon's objection that the person accused of the offenses mentioned in paragraphs 30, 31, and 32 of the PSR is not Santiago-Calderon. For the reasons stated on the record and for further reasons consistent with those already stated, the Court will overrule the objections and sentence Santiago-Calderon to 15 months in the custody of the Bureau of Prisons.

In his Sentencing Memorandum, Santiago-Calderon objects to the 1 criminal-history point assessed against him in paragraph 22 of the PSR. He argues that he did not knowingly and voluntarily waive his right to counsel when he was sentenced to thirty days in jail for the misdemeanor offense of driving while his ability was impaired. See Sentencing Memorandum at 2. Santiago-Calderon also objects to the 1 recency point assessed against him in paragraph 28 of the PSR, pursuant to U.S.S.G. § 4A1.1(e), because that provision will likely be deleted when the revised guidelines go into effect in November 2010. On July 30, 2010, the United States Probation Office ("USPO") disclosed an Addendum to the PSR. Attached to the Addendum is a Proposed Disposition form, which indicates that, when Santiago-Calderon was sentenced for his misdemeanor conviction in paragraph 22 of the PSR, he was advised of his rights, including his right to counsel, and that he voluntarily waived those rights. The Proposed Disposition form is in Spanish, and Santiago-Calderon initialed that he understood that he had the right to counsel and voluntarily gave up that right. He also signed the form. At the hearing, Phillip Medrano, Santiago-Calderon's attorney, stated that Santiago-Calderon indicated to him that he signed the waiver of counsel because he was promised a time-served sentence. See Transcript of Hearing at 3:8-13 (taken August 12, 2010)("Tr.")(Medrano).[1] Mr. Medrano conceded that it is an effective waiver and that the 1 point in paragraph 22 of the PSR should be counted. See Tr. at 3:11-13 (Medrano). Because Santiago-Calderon knowingly and voluntarily waived his right to counsel, the PSR correctly assessed 1 criminal history point against him in paragraph 22 of the PSR and the Court will overrule Santiago-Calderon's objection.

The Court will also overrule Santiago-Calderon's objection to the 1 recency point

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

assessed against him in paragraph 28 of the PSR. On April 6, 2010, the United States Sentencing Commission voted to delete the recency provision found in U.S.S.G. § 4A1.1(e). The recency amendment was sent to Congress on May 1, 2010, and, if no further action is taken, will be effective on November 1, 2010. Section 1B1.11 of the guidelines, however, states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). While the Court shares the Commission's concern that recency points are not always good predictors of criminal history or past criminal activity, the Court must calculate Santiago-Calderon's criminal history using the guidelines as they currently are, and not as they may be amended if Congress adopts the Commission's proposed amendment. An objection to recency points assessed under § 4A1.1(e) is premature at the present time, and the Court will continue to overrule such objections until new guidelines go into effect and recency points are removed, per the Commission's proposed amendment. The Court, therefore, will not disregard the 1 recency point assessed and will overrule Santiago-Calderon's objection to paragraph 28 of the PSR.

Finally, Santiago-Calderon argues that he is not the person accused of the offenses in paragraphs 30, 31, and 32 of the PSR. In the Addendum to the PSR, the USPO states that the information in those paragraphs was obtained through the National Crime Information Center records, and the convictions are fingerprint verified to have been committed by Santiago-Calderon. At the hearing, Mr. Medrano stated that the Addendum to the PSR resolved his objections. See Tr. at 3:3-8 (Court, Medrano). Mr. Medrano also argued that, even if the Court sustained his objections, Santiago-Calderon would remain in the same criminal history category, and thus he would not receive a reduced sentencing guideline range. See Tr. at 3:8-10 (Medrano). Based on the USPO's verification of the convictions in paragraphs 30, 31, and 32 of PSR, and Santiago-Calderon's representation that he no longer objects to those paragraphs, the Court will overrule his objection

to those paragraphs.

The Court has reviewed the PSR's factual findings, and, there being no remaining disputes about those, the Court adopts them as its own. The Court also has considered the PSR's application of the sentencing guidelines, and, having overruled Santiago-Calderon's objections, the Court adopts those as its own, including the additions made in the Addendum to the PSR. The PSR calculates Santiago-Calderon's offense level as 10 and his criminal history category as V, establishing a guideline imprisonment range of 21 to 27 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the fast-track plea agreement, which includes a 2-level downward departure in his offense level. Santiago-Calderon's offense level after the downward departure is 8, and his criminal history category is V, establishing a guideline imprisonment range of 15 to 21 months. The Court notes that Santiago-Calderon illegally reentered the United States after a felony conviction for assault -- drugging a victim. The Court has considered the guidelines, but, in arriving at its sentence, has taken account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment that is set forth in the guidelines is appropriate for this sort of offense. The Court finds that a sentence at the low end of the guidelines -- 15 months -- adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court was first inclined, based on Santiago-Calderon's criminal history, to sentence him at the high end of the guideline range, the Court believes that to deviate from its general practice of sentencing at the low end of the guideline range, unless there are special circumstances suggesting a high-end sentence, undercuts the benefits

of the fast-track plea agreement to the defendant, who gave up his right to appeal or otherwise attack the convictions and sentence, and threatens to undermine the utility of the fast-track program to the United States and the defense bar. Upon further reflection, the Court is not convinced that Santiago-Calderon's criminal history is notably different from other defendants who are receiving low-end sentences. Moreover, Santiago-Calderon's criminal history is adequately reflected in Santiago-Calderon's applicable guideline range. The Court believes a sentence of 15 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the objections in the Defendant's Sentencing Memorandum are overruled. The Court sentences Defendant Eliseo Santiago-Calderon to 15 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Phillip P. Medrano
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*